KORNDOFFER *et al. v.* FAIL.

(Division B. April 26, 1937.)

[174 So. 565. No. 32693.]

. **Sullivan & Sullivan** and **Dale & Koonce,** all of Hatties-
burg, for appellants.

Currie & Currie, of Hattiesburg, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The principal appellant is a justice of the peace, the other appellants being his bondsmen. A suit was filed before the justice for a sum less than $100. After judgment for plaintiff, but before the collection under the process of garnishment, the defendant filed pleas in the proper manner disclosing that he had been adjudged a bankrupt. Nevertheless, a garnishment was issued and the garnishee paid the amount of the judgment and costs to the justice of the peace, who, on the same day, paid the money to the original plaintiff.

On appeal it was held that the bankrupt defendant

was entitled to the money as exempt wages, and neither party controverts this latter proposition. The entire present contention of the appellant justice of the peace is that he was not authorized, under the law, to receive or disburse the money, and that, therefore, he cannot be proceeded against upon his bond and be made again to pay over the money under section 2108, Code 1930, as is sought to be done here, although the demand now made is by the party legally entitled to the money under the law.

The office of justice of the peace in this jurisdiction is as old as the history of the state. The people of common and ordinary affairs. have generally become accustomed to respect the office and to rely upon those occupying it as being worthy of trust and obedience. It has been so long the custom to pay over to those officers the money for the discharge of judgments rendered by them, that to undertake to unsettle that practice, and to deny recognition of it, would work a distinct harm, and would be also to go contrary to the current of authority throughout the states in nearly all of which this court exists, the general rule being that where money is received by a justice of the peace in satisfaction of a judgment rendered by him, it is received officially; and for its conversion or diversion, he is responsible on his official bond. Many cases are cited by appellee in his brief to sustain the stated rule, and which the reporter will set out in his abstract; but, in addition, we find upon our own investigation, an equal or greater number of cases holding to the same effect.

Affirmed.